FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 DEC -9 AM 10: 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARILYN J. COOLEY, Executrix of the Estate of John Dale Cooley, | }<br>}<br>}<br>} |
| Plaintiff | } CIVIL ACTION NO. |
| vs. | } 97-AR-2172-M |
| BETHEL J. NOBLE, | } |
| Defendant and Third-party plaintiff | } |
| vs. | } |
| GERALD D. BROWN, | } |
| Third-party defendant | } |

ENTERED
DEC 9 1997

## MEMORANDUM OPINION

The court has for consideration the motion for summary judgment filed by defendant, Bethel J. Noble (converted from a Rule 12(b)(6) motion by order entered on September 15, 1997). Any ruling on the said motion will necessarily impact the potential liability of third-party defendant, Gerald D. Brown. The two issues are: (1) whether or not Weiss Lake, a part of the Coosa River, constitutes a navigable stream; and (2) if it is navigable and the tort alleged by plaintiff is therefore governed by the rules of admiralty, what remedy, if any, does plaintiff have in admiralty?

Based on the materials furnished and several decisions in

1



which courts have found the Coosa River to be a navigable waterway, this court concludes that Weiss Lake is, and was at the time of the accident complained of, a navigable waterway. In fact a vessel, whether commercial or pleasure, can easily traverse the Coosa from Weiss Lake in Alabama into Georgia or vice versa. The cases which find the Coosa River to be a navigable waterway, listed chronologically, are as follows:

> *Coleman v. United States*, 181 F. 599 (C.C.N.D. Ala. 1910)
>
> *Alabama Power Co. v. Gulf Power Co.*, 283 F. 606 (M.D. Ala. 1922)
>
> *Beaunit Corp. v. Alabama Power Co.*, 370 F. Supp. 1044 (N.D. Ala. 1973).

In *Alabama Power Co. v. Gulf Power Co.*, the district court actually took judicial notice of the Coosa River's navigability. This court does the same.

At the time this court's order was entered on September 15, 1997, this court was unaware of *In re Amtrak "Sunset Limited" Train Crash,* 121 F.3d 1421 (11th Cir. 1997). Applying *Amtrak "Sunset Limited"* to the instant procedural circumstances, plaintiff cannot proceed under the only liability theory contained in Alabama's wrongful death statute. This authority precludes the possibility of recovering punitive damages or non-pecuniary damages. Because Alabama is the only state in which the problem addressed in *Amtrak "Sunset Limited"* occurs, an admiralty remedy exists in this state, if one exists at all, under a federal common law theory and without

2

reference to state law. *Moragne v. States Marine Lines*, 398 U.S. 375, 90 S. Ct. 1772 (1970). Under the circumstances, defendant's motion for summary judgment, the benefits and burdens of which third-party defendant, Gerald D. Brown, shares, is due to be partially granted. The court will recognize a right in plaintiff to seek monetary damages in the form of lost future support and medical and funeral expenses.

A separate, appropriate order will be entered.

DONE this 9th day of December, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE